## THE UNITED STATED BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: : MISC. NO. 25-3003 PMM
   POTENTIAL SANCTIONS :
   Regarding Debtors counsel :
   Joseph T. Bambrick Jr., Esq. :
    :

### COUNSEL'S ANSWER TO ORDER TO SHOW CAUSE

**COMES NOW,** Joseph T. Bambrick Jr., Esquire, who files this Answer to the Order to Show Cause filed by the Honorable Judge Patricia M. Mayer and responds as follows:

1. It is Denied that clients have appeared to any §341 hearing without my presence. Strict proof demanded.

2. Denied. It is Denied that Counsel has failed to appear and or failed to inform clients of their scheduled §341 hearings. If Counsel did not appear it was only due to a scheduling conflict and as a result of the denial of a continuance request of the §341 hearing. In addition, the Trustee has cancelled §341 hearing(s) due to myself and/or my clients appearing a few minutes late. The only reason a client wouldn't have been notified is if the client had moved since the filing of the petition and had not notified our office and/or the client had a problem with their email, and we were not made aware of any of these problems. In addition, the Court would have notified a Debtor of the hearings.

3. Admitted in part and denied in part. Although it is acknowledged that some documents may have been filed late, clients are informed well in advance of all requirements and deadlines before filing and fail to submit the necessary documents to our office or the Paralegal in a timely basis.

4. Denied. It is denied that I am not aware of the identity of my clients. Clients appear in the office for any and all §341 hearings and I meet with them prior to the start of the hearing. Of course, I have the file readily available in front of me throughout the hearing as we go through the schedules and Bankruptcy Petition with the Trustee. Strict proof demanded.

5. Denied. When clients initially come into my office and meet with me for a consultation to see if Bankruptcy is beneficial to their situation, there is a series of questions and discussions with them prior to the client or myself committing to Bankruptcy. In addition, I must determine whether I believe they should file Chapter 7 or Chapter 13, and this cannot be done without meeting with the clients. Clients also must fill out schedules and provide other personal information including but not limited to all of their financial information, assets, and debts. In addition, the clients review the Bankruptcy Petition prior to filing, and they are advised to review it in its entirety, and only then are they told to sign and verify the accuracy of all the information listed on the Petition and once again they must verify the information that they provided to me.

6. Admitted. At no time did I willfully and/or intentionally fail to represent any client to the fullest extent of the law unless the client failed to cooperate with me by not providing me with the necessary documentation and/or a client lies to me about the information that he/she provided to me.

7. Denied. In fact, the allegations in Paragraphs 1-6 above as represented by the Court are not correct and I hereby include my answers in paragraphs 1-6 above as if set out in detail herein.

8. In addition, Counsel hereby adopts his statement which is set out as Exhibit "A".

**WHEREFORE,** Counsel respectfully prays this Honorable Court to;

    a. Conclude that Counsel has provided appropriate information as to why there should not be any sanctions entered against him;

    b. Dismiss the Order to Show Case;

    c. To determine that it is not appropriate that this Court make any referrals to the Pennsylvania Disciplinary Board; and

    d. Grant such other relief at this Court deems fitting and just.

Respectfully Submitted by,

Date: May 29, 2025

_/s/ Joseph T. Bambrick Jr._
Joseph T. Bambrick Jr., Esquire
Attorney ID: 45112
529 Reading Avenue
West Reading, Pennsylvania 19611
P. (610) 372-6400
F. (610) 372-9483